UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.   8:18-cr-572-SDM-AEP
     8:20-cv-140-SDM-AEP

JERROD LEE
_____

**ORDER**

Jerrod Lee moves under 28 U.S.C. § 2255 to vacate his 188-month sentence for conspiring to distribute and distributing controlled substances. Lee claims he received ineffective assistance of counsel because counsel failed to challenge his career offender sentence.

**I. BACKGROUND**

Under a plea agreement Lee pleaded guilty to conspiracy to distribute cocaine, crack cocaine, heroin, fentanyl, and oxycodone in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 (Count One) and distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two). Lee was sentenced as a career offender under U.S. Sentencing Guidelines Section 4B.1.1. One of his offenses of conviction is a felony controlled substance offense, and he has three prior felony convictions of either a crime of violence or a controlled substance offense: (1) a 2004 conviction under Section 893.13(1)(a), Florida Statutes, for possessing cocaine with the intent to sell or deliver, (2) a 2010 conviction under

21 U.S.C. § 841(a)(1) for possessing marijuana with the intent to distribute, and (3) a 2015 conviction under Section 784.021(1)(a), Florida Statutes, for aggravated assault with a deadly weapon. (Crim. Doc. 198 at ¶ 50) The district court adjudicated Lee guilty and sentenced him to 188 months. Lee filed no appeal.

Lee moves to vacate his sentence and claims that counsel was ineffective for failing to argue that (1) neither of his offenses of conviction qualifies as a felony controlled substance offense because neither imposes a penalty of more than one year imprisonment, (2) neither 21 U.S.C. § 841 nor Section 893.13(a), Florida Statutes, qualifies as a controlled substance offense because neither statute contains the necessary *mens rea* element, (3) a conspiracy offense under 21 U.S.C. § 846 is not a controlled substance offense, and (4) aggravated assault under Section 784.021(1)(a), Florida Statutes, is not a crime of violence after *Borden v. United States*, 141 S. Ct. 1817 (2021).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective

> assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Lee must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Lee must show "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Lee cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

### III. GROUNDS ONE AND THREE

In Grounds One and Three Lee claims that counsel was ineffective for failing to argue that neither of his offenses of conviction qualifies as a felony controlled substance offense. He reasons that neither 21 U.S.C. § 841 nor 21 U.S.C. § 846 imposes a penalty of more than one year imprisonment and that the plain definition of controlled substance offense excludes conspiracy offenses under 21 U.S.C. § 846.

A defendant is a career offender if the defendant (1) is "at least eighteen years old at the time [he] committed the instant offense of conviction;" (2) his "offense of conviction is a felony that is either a crime of violence or a controlled substance offense;" and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, expert, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2.

*United States v. Dupree* holds that "the definition of 'controlled substance offense' in § 4B1.2(b) does not include inchoate offenses." __ F.4th __, No. 19-13776, 2023 WL 227633, at *__ (11th Cir. Jan. 18, 2023) (*en banc*) (after remanding for resentencing without application of the career offender enhancement, finding that the defendant's "conviction for conspiracy to possess with intent to distribute heroin and cocaine in violation of [21 U.S.C.] § 846 is not a controlled substance offense

because the plain text of § 4B1.2(b) unambiguously excludes inchoate crimes"). However, *Dupree* entitles Lee to no relief. *Dupree* appeared after Lee's 2019 sentencing, and "defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law." *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986). Furthermore, *Dupree* cannot be applied retroactively. *See In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review. It is not enough that the new rule is or will be applied retroactively by the Eleventh Circuit[.])" (citations omitted); *In re Blackshire*, 98 F.3d 1293, 1294 (11th Cir. 1996) (ruling that a new interpretation of a criminal statute is not a new rule of constitutional law sufficient to grant authorization to file a successive collateral attack).

Lee cannot establish that counsel prejudiced him by failing to argue that neither of his offenses of conviction qualifies as a felony controlled substance offense. Lee is a career offender absent his conspiracy offense of conviction under 21 U.S.C. § 846 (Count One) because he was also convicted of distributing heroin under 21 U.S.C. § 841 (Count Two). The presentence report applies the career offender enhancement because one of his two offenses of conviction is a controlled substance offense. (Crim. Doc. 198 at ¶ 50) Lee's offense of conviction for distributing heroin under 21 U.S.C. § 841 constitutes "a felony controlled substance offense." *United States v. Williams*, 718 F. App'x 890, 897 (11th Cir. 2017) (concluding that a career offender enhancement was properly applied when the

offenses of conviction involved violations of §§ 841 and 846 and the defendant had at least two prior felony controlled substance convictions). Counsel is not ineffective for failing to make a meritless argument. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

### IV.  GROUND TWO

Lee claims that counsel was ineffective for failing to argue that neither 21 U.S.C. § 841 nor Section 893.13(a), Florida Statutes, qualifies as a controlled substance offense because neither statute contains the necessary *mens rea* element.

This claim lacks merit. Lee's 2010 conviction under 21 U.S.C. § 841 for possessing marijuana with the intent to distribute qualifies as a controlled substance offense. *See Williams*, 718 F. App'x at 897. And, Lee's 2004 conviction under Section 893.13(a), Florida Statutes, for possessing cocaine with the intent to sell or deliver qualifies as a controlled substance offense. *United States v. Bishop*, 940 F.3d 1242, 1253–54 (11th Cir. 2019); *see also United States v. Armstrong*, No. 21-12536, 2022 WL 628417, at *2 (11th Cir. Mar. 4, 2022) (following *Bishop* and rejecting the defendant's theory that a Section 893.13(a) conviction does not qualify as a controlled substance offense because the statute lacks the necessary *mens rea* element). Counsel was not ineffective for failing to raise this meritless argument.

## V. GROUND FOUR

Lee claims that counsel was ineffective for failing to argue that his 2015 conviction under Section 784.021(1)(a), Florida Statutes, for aggravated assault with a deadly weapon is not a crime of violence. He relies on *Borden v. United States*, 141 S. Ct. 1817, 1821–22 (2021), which holds that a criminal offense with a *mens rea* of recklessness cannot qualify as a violent felony to enhance a defendant's sentence under the Armed Career Criminal Act. *See Alvarado-Linares v. United States*, 44 F.4th 1334, 1344 (11th Cir. 2022) (explaining that "ordinary recklessness crimes are not crimes of violence under Section 924(c)'s elements clause").

*Borden* entitles Lee to no relief. First, *Borden* appeared after Lee's 2019 sentencing, and "defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law." *Thompson*, 787 F.2d at 1459, n.8. Furthermore, "*Borden* does not announce a new rule of constitutional law that applies retroactively on collateral review." *In re Reaves*, No. 22-11925-F, 2022 WL 2952475, at *2 (11th Cir. July 8, 2022) (noting that "the Supreme Court has not made *Borden* retroactive on collateral review").

Furthermore, "an assault cannot be committed by a reckless act under Florida law" and "requires at least knowing conduct." *Somers v. United States*, No. SC21-1407, 2022 WL 16984702, at *4 (Fla. Nov. 17, 2022) (holding on a certified question that in Florida an assault requires that "the actor direct the threat at a target, namely another person"). Therefore, because in Florida an assault requires a knowing act, aggravated assault satisfies *Borden*'s *mens rea* requirement. *See United*

*States v. Fields*, No. 1:21-cv-298-HSO, 2023 WL 309051, at *4 (S.D. Miss. Jan. 18, 2023) (ruling that the defendant's aggravated assault conviction under Fla. Stat. § 784.021 constitutes a predicate offense under the ACCA after *Borden*).

Lee cannot establish that counsel prejudiced him by failing to argue that his Florida aggravated assault conviction is not a crime of violence. Lee qualifies as a career offender absent his aggravated assault conviction. He was sentenced as a career offender based on three prior convictions: (1) a 2004 conviction under Section 893.13(1)(a), Florida Statutes, for possessing cocaine with the intent to sell or deliver it, (2) a 2010 conviction under 21 U.S.C. § 841(a)(1) for possessing marijuana with the intent to distribute it, and (3) a 2015 conviction under Section 784.021(1)(a), Florida Statutes, for aggravated assault with a deadly weapon. His two prior controlled substance offenses remain proper predicates for a career-offender enhancement. *See Williams*, 718 F. App'x 896–97; *Bishop*, 940 F.3d at 1253–54. Counsel was not ineffective for failing to raise this meritless argument.

## VI.   MOTION TO AMEND

Lee seeks leave to expand his Section 2255 motion to include a claim for relief under *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), an opinion which was vacated by *United States v. Jackson*, No. 21-13963, 2022 WL 4959314, at *1 (11th Cir. Sept. 8, 2002), and superseded by *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022). *Jackson*, 55 F.4th 846, 854, holds that the "ACCA's definition of a state 'serious drug offense' incorporates the version of the federal controlled-

substances schedules in effect when the defendant was convicted of the prior state drug offense," and affords Lee no relief.

Lee's motion under Section 2255 to vacate, set aside, or correct his sentence is **DENIED**. His construed motion to amend is **DENIED**. The clerk is directed to enter a judgment against Lee, close this case, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Lee is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Lee must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Lee is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Lee must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 6th, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE